```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

---

GREGORY TURNER,

      Plaintiff,

  v.

                              No.    20-2191-SHL-dkv

Megan J. Brennan,
*Postmaster General*;
United States Postal Service;
and Debra Chatman,[1]
*Manager White Station Post Office*,

      Defendants.

---

### REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

On March 16, 2020, the plaintiff, Gregory Turner ("Turner"), file a *pro se* complaint against the defendants, Megan J. Brennan, Postmaster General ("Brennan"); the United States Postal Service (the "USPS"); and Debra Chatman, the manager at White Station Post Office, ("Chatman") (collectively, the "Defendants") alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.*, as amended by the ADA Amendments Act of

---

[1] On the docket report, the third defendant is listed as Debra Chatman. In his complaint, however, Turner names this individual "Chapman." For purposes of this report and recommendation, the court will use "Chatman" to identify Turner's manager at the White Station postal office.

2008 (the "ADA").[2]  (Compl., ECF No. 1.)  Additionally, on March 16, 2020, Turner filed a motion seeking leave to proceed *in forma pauperis*, (Mot., ECF No. 2), which this court granted on April 24, 2020, (Order, ECF No. 7).  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.  (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons set forth below, it is recommended that Turner's claims be dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

I.   PROPOSED FINDINGS OF FACT

Turner filed his complaint on a court-supplied form alleging discrimination in violation of the ADA.[3]  (Compl. ¶ 1, ECF No. 1.) Turner alleges that he was subjected to discrimination on the basis of his disability on or around October 2019.  (*Id.* ¶ 7.) Specifically, Turner alleges that he was discriminated against due to an "on the job injury" and that he has an "emotional illness." (*Id.* ¶ 9.)  As discriminatory conduct, Turner lists the following actions: failure to accommodate his disability and unequal terms and conditions of his employment.  (*Id.* ¶ 6.)

---

[2] The court will construe Turner's claim as one pursuant to the Rehabilitation Act.  See *infra* Part II.C.

[3] See *supra* note 2 and accompanying text.

Turner states a very brief recitation of the facts of his case. Turner alleges that he submitted a Notice of Occupational Disease and Claim for Compensation form (the "Notice") in October 2019. (*Id.* ¶ 10.) According to Turner, Chatman refused to complete and submit the Notice. (*Id.*) Turner complains that he was not "given any reason for the lack of cooperation." (*Id.*) Turner was then removed from his position as a letter carrier to a nonduty and non-pay status, which "has cause[d] [him] [e]motional [i]llness." (*Id.*) Turner contends that the USPS has continued to not cooperate and refuses to resolve "any and all issu[]es." (*Id.*)

Turner filed a charge with the EEOC regarding the Defendants' alleged discriminatory conduct in October 2019. (*Id.* ¶ 12.) According to Turner, the EEOC issued a right to sue letter which he received on March 13, 2020. (*Id.* ¶ 14.) Turner attached an EEOC decision dated March 12, 2020. (Decision, ECF No. 1-1.) In it, the EEOC found that Turner was using the EEO complaint process to "lodge a collateral attack on another proceeding." (*Id.*) The EEOC found that Turner was attempting to use the EEO process to collaterally attack actions which occurred through the Office of Workers' Compensation Programs process. (*Id.*) The EEOC notified Turner that he had ninety days from receipt of the decision to file his complaint. (*Id.*) For relief, Turner seeks 1.2 million dollars for emotional damages. (Compl. ¶ 16, ECF No. 1.)

II.   PROPOSED CONCLUSIONS OF LAW

A.   <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2).  The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.  This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.   <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Turner states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the

4

factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds on which the claim rests.").

The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a *prima facie* case under *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Sixth Circuit has applied this standard to claims under the ADA as well. *See Morgan v. St. Francis Hosp.*, 2019 WL 5432041, at *1-2 (6th Cir. Oct. 3, 2019)(applying the same standard from *Swiekiewicz* to a claim under the ADA). All that is required is that the complaint satisfy Rule 8(a)'s simplified pleading standard. *Swierkiewicz*, 534 U.S. at 513. Federal Rule of Civil Procedure 8(a) provides in relevant part that a pleading must contain a "short and plain

5

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be

6

overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Turner's Disability Claim Against Chatman and the USPS</u>

In his complaint, Turner names Chatman and the USPS as defendants. (Compl., ECF No. 1.) Turner complains that Chatman refused to complete and submit his Notice in October 2019 and that the USPS refuses to cooperate with him. (*Id.* ¶ 10.) Turner has not, however, indicated the capacity in which Chatman is named, but because he has included her specific title, the court assumes that Chatman is named in her official capacity. It must first be noted that although Turner purports to bring his claim against the Defendants pursuant to the ADA, the Rehabilitation Act is the exclusive remedy for disability discrimination for federal employees. *Plautz v. Potter*, 156 F. App'x 812, 816 (6th Cir. 2005). However, the Sixth Circuit has approved of construing a plaintiff's "ADA" claim as a Rehabilitation Act claim because "there is no significant difference between the substantive standards of the ADA and the Rehabilitation Act." *Id.* Accordingly, the court will construe Turner's complaint as a complaint for disability discrimination and failure to accommodate under the Rehabilitation Act.

7

Although the Sixth Circuit has not explicitly addressed the issue the proper defendant in civil actions brought by federal employees pursuant to the Rehabilitation Act, many district courts within the Sixth Circuit have concluded that the head of the federal agency or department is the only proper defendant in a Rehabilitation Act action. *See e.g.*, *Klein v. United* States, 2015 WL 6736114, at *5 (S.D. Ohio Nov. 4, 2015); *McGhee v. United States Postal Service*, 2006 WL 1851261, at *2 (E.D. Mich. June 30, 2006)(citing *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988)) (explaining that the head of the USPS is the proper defendant when a plaintiff alleges discrimination under the Rehabilitation Act, not the USPS itself); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986); *Ellis v. United States Postal Service*, 794 F.2d 835, 838 (7th Cir. 1986)); *Delaney v. Potter*, 2006 WL 246930, at *3 n.3 (M.D. Tenn. Aug. 24, 2006).

As such, neither Chatman nor the USPS is the proper defendant. The only proper defendant for Turner's claim is "the head of the department, agency, or unit." Accordingly, only Brennan, as the Postmaster General for the USPS, is the proper defendant. Therefore, it is recommended that all claims against Chatman and the USPS be dismissed.

D. <u>Turner's Disability Claim Against Brennan</u>

Turner alleges that the USPS failed to accommodate his disability and treated him unequally in the terms and conditions

of his employment on the basis of his disability. (Compl., ECF No. 1.) The essential elements of a disability discrimination claim under the Rehabilitation Act include that the plaintiff (1) is an individual with a disability under the Rehabilitation Act; (2) is otherwise qualified for the job with or without reasonable accommodation; and (3) is being discriminated against solely because of his or her handicap. *See, e.g., Peltier v. United States*, 388 F.3d 984, 989 (6th Cir. 2004); *Nighswander v. Henderson*, 172 F. Supp. 2d 951, 956 (N.D. Ohio Oct. 5, 2001). The essential elements of a failure-to-accommodate claim under the Rehabilitation Act are that the plaintiff: (1) is an individual with a disability under the Rehabilitation Act, (2) is otherwise qualified for the position, (3) the agency was aware of the disability, (4) an accommodation was needed, and (5) the agency failed to provide the necessary accommodation. *Madden v. Brenna*, 2018 WL 4222871, at *4 (E.D. Tenn. Sept. 5, 2018)(citing *Gaines v. Runyon*, 107 F.3d 1171, 1175-76 (6th Cir. 1997)).

As to both claims, Turner has failed to provide sufficient evidence for this court to infer that he is disabled under the Rehabilitation Act. The Rehabilitation Act defines "disability" as "a physical or mental impairment that constitutes or results in a substantial impediment to employment" and incorporates by reference the definition from the ADA, which defines a disabled person as one who: "(i) has a physical or mental impairment which

9

substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. §§ 705(9), (20)(B). Accordingly, not all disabilities make a plaintiff disabled for purposes of the Rehabilitation Act. *See Doe v. Salvation Army in United States*, 531 F.3d 355, 357 (6th Cir. 2008)("Courts are required to make a case by case determination of whether an individual qualifies as 'disabled.'"); *Hale v. Johnson*, 245 F. Supp. 3d 979, 989 (E.D. Tenn. 2017).

Turner does not specify what his disability is, but simply states "on the job injury." And while Turner states that he suffers from an emotional illness, he does not allege that this was a disability that is a basis for the discrimination. Rather, Turner alleges that the agency's conduct caused this disability. Accordingly, nothing in Turner's complaint allows this court to infer that he is disabled within the definition of the Rehabilitation Act, an essential element of both claims.

Nor does Turner allege sufficient facts for this court to infer several of the other essential elements of his claims. While Turner states that he was a letter carrier, Turner does not state any facts regarding his qualification to continue in that position with or without a reasonable accommodation. Turner also fails to allege a reasonable accommodation that he requested beyond his submission of the Notice, which alone does not establish that he

10

asked for a reasonable accommodation. Accordingly, Turner has failed to allege sufficient facts for this court to infer the essential elements of either Turner's disability discrimination or his failure-to-accommodate claim under the Rehabilitation Act. Therefore, it is recommended that Turner's claims against Brennan be dismissed.

### III. RECOMMENDATION

For the forgoing reasons, this court recommends that Turner's claims for disability discrimination and failure-to-accommodate in violation of the Rehabilitation Act be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

Respectfully submitted this 29th day of April 2020.

                          s/Diane K. Vescovo
                          DIANE K. VESCOVO
                          CHIEF UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.