# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| GREGORY TURNER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) ) No. 2:20-cv-02191-SHL-atc |
| LOUIS DEJOY; UNITED STATES POSTAL SERVICE; and DEBRA CHATMAN, MANAGER WHITE STATION POST OFFICE, | ) ) ) ) ) |
|     Defendants. | ) ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DENYING AS MOOT IN PART, GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND GRANTING PLAINTIFF LEAVE TO FURTHER AMEND COMPLAINT**

Before the Court is Chief Magistrate Judge Diane K. Vescovo's ("Chief Magistrate") Report and Recommendation (the "Report"), filed April 29, 2020, (ECF No. 8), and Plaintiff Gregory Turner's Pro Se Motion to Amend his Complaint. (ECF No. 9.) In the Report, the Chief Magistrate recommends dismissing Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 8 at Page ID 24.) In his Motion to Amend, Plaintiff moved to drop his claims against all Defendants except the Postmaster General.[1] (ECF

---

[1] Plaintiff named DeJoy's predecessor, Megan J. Brennan, as a Defendant. Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Accordingly, Postmaster General Louis DeJoy is substituted for his predecessor Megan J. Brennan.

No. 9 at PageID 32.)  Plaintiff also submitted eleven documents in one attachment to supplement the evidence supporting his claims.[2]  (ECF No. 9 at PageID 34-62.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects.  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

After the Report was filed, Plaintiff filed a Motion to Amend his pleading to dismiss all Defendants except for the Postmaster General, (ECF No. 9).  Accordingly, this Court **DENIES AS MOOT** that portion of the Report, which would have accomplished the same objective.

In his Motion to Amend, Plaintiff also moved to supplement his Complaint with additional evidence, including medical records and employment documents, but includes no additional allegations in the form of an amended complaint.  (ECF No. 9; ECF No. 9-1.)  The medical records include an independent medical evaluation prepared in June 2014, which notes that because of back injuries and other health issues, Plaintiff was deemed able to work six hours a day with appropriate rest, and instructed to lift, push, and pull no more than 25 pounds for no more than an hour each a day.  (ECF No. 9-1 at PageID 46-48.)  Another medical record is a copy of a "Certification of Health Care Provider for Employee's Serious Health Condition," from the Wage and Hour Division of the U.S. Department of Labor.  (ECF No. 9-1 at PageID 39-

---

[2] While Plaintiff's Amendment does not precisely state that the documents are intended to provide additional evidence to support his Complaint, the Court reviews them for additional support for his claims.

42.) This form, signed by a doctor, states that Plaintiff was admitted for an overnight stay in a medical facility for a week in January 2015. (ECF No. 9-1 at PageID 39-42.) The doctor stated that Plaintiff would be incapacitated for two weeks and noted the types of medical issues Plaintiff faced—severe depression, trouble concentrating and focusing, and mental distress—were likely to resurface after he returned to work. (ECF No. 9-1 at PageID 39-42.) Plaintiff also included examination notes from a clinical psychologist, dated November 14 and 26, 2019, which summarizes that Plaintiff had previously received doctor-recommended work limitations and that, as of August 2019, Plaintiff had been trying to figure out how much longer the USPS would keep him out of work. (ECF No. 9-1 at PageID 50-51).

Among the employment documents, Plaintiff included a document labelled "USPS Offer of Modified Assignment (Limited Duty)," dated July 11, 2014, which appears to constitute an offer from the USPS for Plaintiff to continue in his position as a City Carrier but with weight limit and time restrictions. (ECF No. 9-1 at PageID 34.) USPS's Offer further appears to be signed by three USPS employees, each of whom averred in handwritten notes that they witnessed Plaintiff refuse to sign the Offer. (ECF No. 9-1 at PageID 34.) Another portion of Plaintiff's attachment is comprised of communications with the Department of Labor about his "Employee Rights and Responsibilities Occupational Disease" form. (ECF No. 9-1 at PageID 54-60.) In a letter dated October 21, 2019, a representative of the Division of Federal Employee's Compensation informed Plaintiff that the Division could not proceed with the creation of a claim and that Plaintiff needed to re-submit his claim for Occupational Disease and Claim for Compensation "through [his] Employing Agency." (ECF No. 9-1 at PageID 59.)

Plaintiff's supplementary evidence provided with his Motion to Amend does not change the ultimate conclusion in the Chief Magistrate's Report. As stated in the Report, Plaintiff is required to establish the following elements for each claim:

> The essential elements of a disability discrimination claim under the Rehabilitation Act include that the plaintiff (1) is an individual with a disability under the Rehabilitation Act; (2) is otherwise qualified for the job with or without reasonable accommodation; and (3) is being discriminated against solely because of his or her handicap. See, e.g., Peltier v. United States, 388 F.3d 984, 989 (6th Cir. 2004); Nighswander v. Henderson, 172 F. Supp. 2d 951, 956 (N.D. Ohio Oct. 5, 2001). The essential elements of a failure-to-accommodate claim under the Rehabilitation Act are that the plaintiff: (1) is an individual with a disability under the Rehabilitation Act, (2) is otherwise qualified for the position, (3) the agency was aware of the disability, (4) an accommodation was needed, and (5) the agency failed to provide the necessary accommodation. Madden v. Brenna, 2018 WL 4222871, at *4 (E.D. Tenn. Sept. 5, 2018) (citing Gaines v. Runyon, 107 F.3d 1171, 1175-76 (6th Cir. 1997)).

(ECF No. 8 at PageID 29.)

First, the documents Plaintiff provided to the Court cannot take the place of allegations in a complaint, which would explain the documents and clarify their connection to the causes of action. It may be that Plaintiff has sufficient evidence to establish some elements of his causes of action, but he must allege such facts in a complaint. It is through pleadings (complaints and answers) that parties allege facts and answers which stake out each side's position. See Salatin v. Trans Healthcare of Ohio, Inc., 170 F. Supp. 2d 775, 781 (N.D. Ohio 2001) (noting that "[t]he complaint must put the defendant on notice as to the plaintiff's claim and its grounds").

In addition, assuming, arguendo, that such allegations were sufficient to establish that Plaintiff (1) had stated a qualified disability under the Rehabilitation Act, and (2) requested a reasonable accommodation for his disability, he still has not alleged that he is "otherwise qualified" to work as a letter carrier. See Crocker v. Runyon, 207 F.3d 314, 319 (6th Cir. 2000) (plaintiff did not show that he could have met the physical demands of the job and "offered no

4

proof he was physically capable of performing the job at the time [of the adverse action]"). Moreover, the USPS Offer of Modified Assignment appears to show that Plaintiff rejected an accommodation that he was offered at one point by the USPS. See id. at 320 ("Crocker is not an otherwise qualified individual once he rejects an offer of reasonable accommodation.).

In sum, Plaintiff's pleadings do not provide a set of factual allegations from which the Court can infer that he has valid claims against the Postmaster General, rendering dismissal appropriate. Accordingly, the Court **ADOPTS** the Report's recommendation to dismiss the Complaint as written. However, the Court also **GRANTS** Plaintiff's Motion to Amend and, further, **GRANTS** Plaintiff another opportunity to file an Amended Complaint to remedy the deficiencies outlined above. The Court is providing Plaintiff a second chance to amend his Complaint because it appears that he is trying to lay out his case through submission of certain documents—as discussed above, this is simply not the proper method to state a claim. See Dumas v. Hurley Med. Ctr., No. 10-12661, 2010 WL 5211466, at *2 (E.D. Mich. Dec. 16, 2010) (the complaint "must clearly state . . . a factual basis sufficient to establish [each] claim"). If Plaintiff chooses to amend his Complaint a second time, Plaintiff is **ORDERED** to file the Amended Complaint within 21 days of the date of this Order. Failure to file an Amended Complaint may result in the dismissal of Plaintiff's claims.

## CONCLUSION

**IT IS SO ORDERED,** this 2nd day of October, 2020.

                        s/ Sheryl H. Lipman
                        SHERYL H. LIPMAN
                        UNITED STATES DISTRICT JUDGE